**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 3:20-00150

ROWDY LEE RANDOLPH

**MEMORANDUM OPINION AND ORDER**

On August 26, 2020, Defendant Rowdy Lee Randolph was ordered detained pending trial by Magistrate Judge Cheryl A. Eifert, pursuant to 18 U.S.C. § 3142(e), (f). Det. Order, ECF No. 15. Defendant now objects to the Magistrate Judge's Order not reopening the detention hearing and the Magistrate Judge's findings at the detention hearing. ECF No. 100. For the reasons herein, the Court **DENIES** Defendant's objections to the detention order (ECF No. 100) and **ORDERS** the defendant remain detained under the existing detention order.

## I. FACTUAL BACKGROUND

On August 19, 2020, a federal grand jury charged Defendant with possession with intent to distribute marijuana, in violation of 21 § U.S.C. 841(a)(1) and use and discharge of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On August 24, 2020, Defendant was arrested, and the United States filed a Motion for Detention Hearing pursuant to 18 U.S.C. § 3142(f). ECF No. 9.

On August 25, 2020, the Magistrate Judge arraigned Defendant and held the requested detention hearing. Having reviewed the Pretrial Services Report and considered arguments of the parties, Magistrate Judge Eifert ordered that Defendant be detained. Magistrate Judge Eifert found

"by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." Det. Order at 1. She also noted that: the crimes were serious; there was probable cause to believe defendant committed the actions, which include shooting at state police troopers; defendant did not rebut the presumption that no condition(s) of release would adequately safeguard the community; Defendant has a criminal history; Defendant has substance abuse issues; and the nature and seriousness of the danger to the community counseled in favor of detention. *Id*. at 1-2.

Defendant moved for pre-trial release, arguing that his medical conditions warranted release and that the safety of the community could be adequately ensured by other circumstances. ECF No. 46. After briefing and a hearing where Defendant submitted numerous medical records for review, Magistrate Judge Eifert found that the detention center was treating defendant's diabetes and denied his motion. ECF No. 58. Defendant again filed a second motion to reopen the detention hearing, arguing that he was entitled to a third detention hearing because he had obtained additional medical records. ECF No. 69. After briefing and the requested hearing, Magistrate Judge Eifert found that the medical records did not qualify as new information and denied his motion. ECF No. 97. Defendant filed his objections, which are the subject of the instant Order.

## II. LEGAL STANDARD

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial release order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted); *see also United States v. Clark,* 865 F.2d 1433, 1436 ("A defendant ordered detained by a magistrate may seek *de novo* review in the district court.").

A defendant may be detained only if the government shows, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure the safety of the community or the government shows, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance. 18 U.S.C. § 3142(c),(f),(g). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48.

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the nature and seriousness of the danger to the community or to any individual that the defendant's release poses. 18 U.S.C. § 3142(g).

**III. ANALYSIS**

Defendant argues that Magistrate Judge Eifert's conclusions are erroneous and contrary to the law. Def's Mot. at 3. His specific objections are to: the Magistrate Judge's conclusion that there is no evidence that his diabetic condition is worsening and that his incarceration is adding to this; the Magistrate Judge using the allegations of the indictment as her "primary standard"; the conclusion that he is a flight risk and there is no set of circumstances that could reasonably ensure the safety of the community; and to her conclusion to not reopen the detention hearing based on the new medical evidence. *Id.* at 2. The United States responds that the statutory factors favor Defendant's continued detention. *See e.g.,* Govt.'s Resp., ECF No. 103. This Court will now review the record and these factors.

A. Nature and Circumstances of the Offense

Defendant is charged with two serious crimes. The second offense charged, the use and discharge of a firearm during in and in relation to a drug trafficking crime, carries a mandatory minimum sentence of 10 years which indicates the serious nature of the alleged crime. 21 U.S.C. § 924(c)(1)(A)(iii); *see also United States v. Riggs*, No. 3:18-00240, 2019 WL 404979, at *3 (S.D.W. Va. Jan. 31, 2019). Defendant allegedly fired a gun at two West Virginia state police troopers after being ordered to drop his weapon and refused to surrender to them. The charges in the Indictment indicate conduct that is clearly violent, dangerous, and destructive, and the Magistrate Judge properly considered the offenses and their penalties in making this determination.

B. Strength of the Evidence

Here, there is strong evidence against defendant. Two police troopers are eyewitnesses to the events alleged. They also found the firearm allegedly used by Defendant in his residence upon his admission. When the officers executed the search warrants, they found both processed and unprocessed marijuana and additional firearms. Even though there is evidence from the suppression hearing that the trooper's view was obscured, and the ballistic evidence is not definitive, there remains enough evidence of Defendant's guilt to favor finding that he should remain detained.

C. History and Characteristics of the Defendant

The Court does not believe that Defendant has not sufficiently shown that he is not a flight risk. The record reflects extensive ties to the community, including an ailing mother and multiple siblings, and he has acted as his mother's caretaker for the past year and a half. Pretrial Services Report at 1-2, ECF No. 11. However, Defendant also has a lengthy criminal history including

fleeing in a vehicle, resisting arrest, stalking, attempted murder, and manufacture of controlled substance. Although some of these charges are quite old, they are quite serious and demonstrate a lack of respect for law enforcement authorities (as does the current charge). As such, this factor weighs in favor of his detention.

D. Nature and Seriousness of the Danger to Any Person or the Community that would be Posed by Defendant's Release

Defendant contends that he successfully completed a period of release on bond for the state charges corresponding to this charge. However, Defendant allegedly shot a firearm at two police officers and has a history of refusing to cooperate with law enforcement. Given these factors, he may well pose a risk to the community should he be released.

E. Health Issues

The bulk of Defendant's objections contend that Defendant has presented clear evidence that his condition is worsening, and this is, in part, due to his incarceration. Mot. at 1-2. Defendant has presented some evidence that shows he is unable to control his diet while in jail, and he provides new printouts that show high glucose levels and hemoglobin content, indicating his diabetes is not being well-controlled. The new medical evidence shows that he clearly does have a problem with maintenance of his diabetic condition, but the record reflects that he is being monitored and that the detention center is reasonably responding to his care. The Court has instructed the United States Marshals to follow Defendant's care. When coupled with the other factors weighing against his requested relief, the Court is unable to find that his health concerns warrant his release.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Objections (ECF No. 100), and **ORDERS** the defendant remain detained under the existing detention order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE