IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO.   3:20-00150

ROWDY LEE RANDOLPH

**MEMORANUM OPINION AND ORDER**

Pending before the Court is the United States' Motion in Limine (ECF No. 144) to preclude Defendant Rowdy Lee Randolph from using at trial a Memorandum Opinion and Order entered in *Quinn v. Zerkle*, No. 2:21-CV-00421, 2021 WL 6050656 (S.D. W. Va. Dec. 20, 2021), which is consolidated with *Toon v. Zerkle*, No. 2:21-CV-427 (S.D. W. Va. 2021). According to the United States, Defendant provided it a copy of the Memorandum Opinion and Order on July 15, 2022, and he intends to use the decision to impeach the veracity of Lieutenant Christopher Zerkle, of the West Virginia State Police, who the Government expects to call as a witness. The Government argues the Memorandum Opinion and Order is not impeachment evidence and cannot be used as such. For the following reasons, the Court agrees with the United States and **GRANTS** the motion.

As relevant here, the plaintiffs in *Quinn* and *Toon* alleged that Lt. "Zerkle falsely claimed that [Eric Toon was on a motorcycle and] hit the left front tire of his cruiser and did not stop." 2021 WL 6050656, at *2. A high-speed chase ensued, but Mr. Toon was not apprehended. *Id*. Sometime later, officers arrived at Mr. Toon's residence, and they entered the residence without a warrant. *Id.* Mr. Toon attempted to escape with a rifle, but he was shot and killed by Lt.

Zerkle. Taylor Quinn, who lived with Mr. Toon, also was shot, but she survived. *Id*. Ms. Quinn and Mr. Toon's estate then filed civil actions against Lt. Zerkle, various police officers, the West Virginia States Police, and the Kanawha County Commission.

In ruling on motions to dismiss, the district court accepted the factual allegations in the complaints as true, which alleged "a gap in both time and place between the pursuit [of Mr. Toon] and the warrantless entry" of the residence. *Id.* at 6. Thus, under this scenario, the district court concluded the warrantless entry could not be justified on a theory the officers were in "hot pursuit" of Mr. Toon. *Id*. Additionally, the district court observed that the officers did not assert any other facts supporting a finding of exigent circumstances. *Id*. Therefore, the district court found the plaintiffs had adequately alleged a Fourth Amendment violation. In discussing the alleged facts, the district court further stated in a footnote that, although the officers relied on Lt. "Zerkle's report of the initial incident, experience and common sense would generate some level of skepticism about the seriousness of a vehicle accident in which a motorcycle hit a police cruiser with no damage to either vehicle, given the physics of motorcycle riding." *Id*. at *5 n.4.

Defendant argues this statement by the district court demonstrates Lt. Zerkle lacks credibility and truthfulness. Therefore, Defendant claims he should be able to cross examine him about it. Moreover, Defendant asserts he discovered this case independently, and the United States violated its requirements under *Giglio v. United States*, 405 U.S. 150 (1972), by failing to turn over impeachment evidence. Upon review, the Court disagrees.

The Supreme Court held in *Giglio* that the government must turn over evidence that may be used to impeach its potential witnesses, such as evidence regarding a witness's credibility.

*Id*. However, the Court finds the comments made by the district court in *Quinn* are not *Giglio* material. In *Quinn*, Mr. Toon's motorcycle allegedly hit the tire of Lt. Zerkle's cruiser, without causing any damage. 2021 WL 6050656, at 5. In the footnote, the district court cited the lack of damage as a reason for the officers responding to Lt. Zerkle's report to doubt if it was a serious accident. *Id*. at n.4. This footnote in no way impugns the credibility or veracity of Lt. Zerkle remark that the tire of his cruiser was struck. Instead, it reflects that the responding officers had reason to doubt that a serious crime had occurred. Additionally, the statement in the decision that Lt. Zerkle "falsely claimed" the motorcycle struck the cruiser was merely a reiteration of an allegation in Toon's Complaint, not a finding by the district court that Lt. Zerkle lied. Thus, there is nothing in *Quinn* that can be employed to impeach his testimony, and the United States rightfully seeks its exclusion.

Accordingly, the Court **GRANTS** the United States' Motion in Limine and prohibits Defendant from using the decision in *Quinn* to impeach Lt. Zerkle's credibility and testimony.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     October 3, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE